IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA PETTUS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF PRISONS et al.,<br><br>    Defendants. | No. C 08-00741 CRB<br><br>**ORDER** |

Plaintiff has filed a complaint, an amended complaint, as well as documents entitled "Notice and Verbal Resolution." The Court is unable to determine from these documents precisely what claims plaintiff intends to make in this federal civil rights action.

In addition, the Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions. 42 U.S.C. § 1997e(a) (2008); see Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."). A prisoner must use all steps the prison holds out, enabling the prison to reach the merits of the issue. Woodford v. Ngo, 548 U.S. 81, 90 (2006). From the face of the complaint, and given the speed with which plaintiff has included grievances in his complaints, it appears that plaintiff has not exhausted his administrative remedies.

Accordingly, plaintiff's lawsuit is dismissed with leave to amend.  In particular, plaintiff is directed to file a Second Amended Complaint that includes in a single document all of his claims against defendants.  The complaint shall also allege facts that show that plaintiff has exhausted his administrative remedies with respect to the particular claim.  If plaintiff has not exhausted his remedies with respect to a particular claim he shall not include the claim in his Second Amended Complaint.  Plaintiff's Second Amended Complaint shall be filed on or before April 30, 2009.

In light of this Order, plaintiff's motion to amend the complaint (Docket No. 27) is dismissed as moot, as is plaintiff's "Motion to Construe Notice and Verbal Resolution as a Notice and Verbal Resolution Informing Defendants of Establish Law and Constitutional Violations, not Civil Right Action" (Docket No. 7).  Plaintiff's motion for service of process (Docket No. 20) is denied.  The Court will determine whether to serve the complaint upon review of plaintiff's Second Amended Complaint.  Finally, plaintiff's motions for a temporary restraining order (Docket No. 10) and for preliminary injunction (Docket No. 15) are denied.

**IT IS SO ORDERED.**

Dated: March 26, 2009

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE