IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA PETTUS, | ) |
| Plaintiff, | ) No. C 08-00741 CRB (PR) |
| v. | ) ORDER OF SERVICE |
| UNITED STATES BUREAU OF PRISONS, et al., | ) |
| Defendant(s). | ) |

Plaintiff, a prisoner at Florence United States Penitentiary in Colorado ("Florence"), has filed a pro se complaint under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), alleging numerous violations of his federal rights while he was incarcerated at Atwater United States Penitentiary ("Atwater") and Herlong Federal Correctional Institution ("Herlong"), both in California.

Plaintiff's nine claims are as follows. First, Plaintiff alleges that he was deprived of his specific status while in a Special Housing Unit at Atwater and that his life was endangered when three prisoners threatened him with shanks and forced him to reassign himself to the Special Housing Unit. Second, he alleges that he was denied psychiatric evaluation and care at Atwater. Third, Plaintiff

alleges that he did not receive all of his mail when he transferred from a previous institution, and was without postage stamps for 48 days once while in lockdown at Atwater. Fourth, he alleges that he was denied a mop, broom, toilet brush other supplies at times while at Atwater. Fifth, Plaintiff alleges that he was denied forms to initiate a grievance process while at Atwater. Sixth, he alleges that he was denied placement in the Special Housing Unit law library, and that the amount of legal materials he was able to receive at Atwater was otherwise restricted. Seventh, Plaintiff alleges that he had to wait from August 27, 2008 until September 16, 2008 to receive a prescribed antidepressant at Herlong. Eighth, he alleges that he had to endure cold showers numerous times at Herlong. Ninth, Plaintiff alleges that a knit cap, two inches of letters, and some legal materials were improperly confiscated upon his transfer from Atwater.

## DISCUSSION

### A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under Bivens and its progeny, plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. See Van Strum v Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and Bivens actions

2

are identical save for replacement of state actor under § 1983 by federal actor under <u>Bivens</u>).

B.     <u>Legal Claims</u>

Plaintiff's first claim, liberally construed, is a cognizable claim under <u>Bivens</u> that Defendant D. Smith, warden of Atwater, was deliberately indifferent to his personal safety by allowing him to be threatened by three inmates and essentially forced into moving to a Special Housing Unit.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (8th Amendment  imposes duty on prison officials to provide all prisoners with basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety).

Plaintiff's second claim also is a cognizable claim under <u>Bivens</u> that Defendant D. Smith, warden of Atwater, was deliberately indifferent to Plaintiff's mental health by failing to provide him with psychiatric care despite his attempts to seek treatment.  <u>Id.</u>

However, Plaintiff's remaining claims lack merit.

Although intentional interference with the processing of inmate mail may rise to the level of a constitutional violation, the isolated instances of delay which Plaintiff alleges here are insufficient to state a claim for which relief may be granted.  <u>See</u> <u>Smith v. Maschner</u>, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incidents of mail interference without evidence of improper motive do not give rise to a constitutional violation);  <u>Rowe v. Shake</u>, 196 F.3d 778, 782 (7th Cir. 1999) (short-term and sporadic delays in prisoner's receipt of mail did not violate his First Amendment rights); <u>see also</u> <u>Crofton v. Roe</u>, 170 F.3d 957, 961 (9th Cir. 1999) (diverting publications through property room reasonably related to prison's interest in inspecting mail for contraband).  Plaintiff's third claim fails to state a claim under <u>Bivens</u> and is dismissed.

In determining whether deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); see also Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions).  In contrast, less substantial and less lengthy deprivations of such necessities, or deprivations that are simply inconveniences or de minimis injuries, do not satisfy the objective component of the Eighth Amendment. See, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir.) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain), amended, 75 F.3d 448 (9th Cir. 1995); Holloway v. Gunnell, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); Evans v. Fogg, 466 F. Supp. 949, 950 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse strewn cell and for two days in flooded cell).

Although unfortunate, Plaintiff's not receiving some cleaning supplies and having "to use hair shampoo as disinfectant" for an unspecified length of time is not a sufficiently substantial and prolonged deprivation to satisfy the objective component of an Eighth Amendment claim.  Plaintiff's fourth claim fails to state a claim under Bivens and is dismissed.  Relatedly, Plaintiff's having to "endure inconsistent water temperature during various hours" while showering during his

stay at Herlong fails to state a claim under Bivens; Plaintiff's eighth claim is also dismissed. Cf. Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (federal courts should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment).

It is well-established that there is no constitutional right to a prison administrative appeal or grievance system, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and that a state's creation of a prison administrative appeal or grievance system does not implicate a liberty interest protected by the Due Process Clause, see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same). Plaintiff's fifth claim as to the denial of forms to initiate the prison's grievance procedure, fails to state a claim under Bivens and is dismissed.

Though the Court appreciates Plaintiff's desire for better access to legal materials and assistance, the timely filing of his Second Amended Complaint makes clear that the hindrances of which Plaintiff complains did not cause him an actual injury to court access. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004). The Court has already granted and will continue to grant reasonable requests for extensions of time. Plaintiff is also free to argue that his challenges accessing legal assistance support his claim of exhaustion. Plaintiff's sixth claim fails to state a claim under Bivens and is dismissed.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v.

Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Neither negligence nor gross negligence is actionable under Bivens in the prison context.  See id. at 835-36 & n.4; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Although regrettable, Plaintiff's having to wait approximately three weeks to receive antidepressants does not amount to more than a claim for negligence or medical malpractice; neither is cognizable under Bivens.  See, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (finding that isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).  Plaintiff's seventh claim fails to state a claim under Bivens and is dismissed.

Plaintiff's claim as to the property confiscated upon his transfer from Atwater to Florence amounts to no more than a claim for deprivation of property, not cognizable under Bivens.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (California law provides adequate post-deprivation remedy for unlawful deprivation of property).  Moreover, Plaintiff's bare invocation of retaliation as the motive for such confiscation is insufficient; there is no indication whatsoever that Atwater officials were retaliating against Plaintiff.  Plaintiff's ninth claim fails to state a claim under Bivens and is dismissed.

Finally, the Court notes that Plaintiff has named the United States and its agency, the U.S. Bureau of Prisons, as defendants in his suit.  Absent a waiver of

sovereign immunity, the <u>Bivens</u> remedy exists solely against individual federal officials, not against the United States.  See <u>Kreines v. United States</u>, 33 F.3d 1105, 1109 (9th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1148 (1995); <u>Thomas-Lazear v. F.B.I.</u>, 851 F.2d 1202, 1207 (9th Cir. 1988).  Accordingly, Plaintiff's claims against the United States and the Bureau of Prisons are dismissed.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on D. Smith at Atwater.  Richard B. Ives at Herlong, the United States, and the Bureau of Prisons, along with the allegations against them, are DISMISSED without prejudice.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, Defendant Smith shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he or she shall so inform the court prior to the date his or her motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendant no later than 30 days after Defendant serves Plaintiff with the motion.

        c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

        Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendant in his motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.     Defendant shall file a reply brief within 15 days of the date on which Plaintiff serves him or her with the opposition.

        e.     The motion shall be deemed submitted as of the date the

reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: June 9, 2009

CHARLES R. BREYER
United States District Judge

G:\CRBALL\2008\0741ed\orderreservice.wpd          9