IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA PETTUS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF PRISONS, et al.,<br><br>    Defendants. | No. C 08-00741 CRB<br><br>**ORDER GRANTING DEFENDANT SMITH'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

    Plaintiff, a prisoner presently incarcerated in Lewisburg, Pennsylvania, filed a pro se complaint under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). Following this Court's preliminary screening of the Complaint pursuant to 28 U.S.C. § 1915A(a) two claims remain: (1) that Defendant Smith, warden at Atwater United States Penitentiary ("USP- Atwater") where Plaintiff was an inmate from March 13, 2008 through August 17, 2008, was deliberately indifferent to Plaintiff's personal safety by allowing him to be threatened by three inmates and forced into a Special Housing Unit ("SHU"); and (2) that Defendant Smith was deliberately indifferent to Plaintiff's mental health by failing to provide him with psychiatric care despite his attempts to seek treatment. June 9, 2009 Order (Dkt. 38).

The parties have filed cross motions for summary judgment.[1] For the reasons that follow, Defendant's Motion for Summary Judgment (Dkt. 59) is GRANTED and Plaintiff's Motion for Summary Judgment (Dkt. 67) is DENIED.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed this action on May 5, 2008, and he filed a Second Amended Complaint ("SAC") on May 26, 2009. This Court screened the claims in the SAC pursuant to 28 U.S.C. § 1915A(a) and concluded that the two causes of action set forth above were viable.

Defendant moved to dismiss on July 29, 2009 on the ground that Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act. Dkt. 46. This Court denied that Motion on February 16, 2010 after concluding "that Plaintiff has sufficiently alleged that he availed himself of the Bureau of Prisons grievance process." Dkt. 58 at 1.

Defendant then filed his Motion for Summary Judgment on April 16, 2010, and Plaintiff filed his cross Motion for Summary Judgment on June 18, 2010. Those Motions are presently before the Court.

### B. Relevant Undisputed Facts

In April 2007, Plaintiff was housed at the United States Penitentiary-Coleman in Florida. SAC ¶ 8; Devere Decl. Ex. 3 to Def.'s Mot. for S.J. (Dkt. 59). On or about April 12, 2007, several inmates who were angry with Plaintiff "escorted" him to a Lieutenant's office, and Plaintiff feared for his safety. SAC ¶¶ 15, 22-24. Prison staff at USP-Coleman ultimately determined that it was necessary for security reasons to transfer Plaintiff to another institution, and he was sent to USP-Atwater on March 13, 2008. See, e.g., Howard Decl. Ex. 6 to Def.'s Mot. for S.J. (Dkt. 59); SAC ¶ 26.

---

[1] Plaintiff suggests that he had insufficient access to the law library at his current prison and, accordingly, insufficient time in which to prepare an adequate Opposition to Defendant's Motion for Summary Judgment. Pl.'s Opp'n to Def.'s Mot. for S.J. (Dtk. 63) at 62-66. The Court finds this argument to be without merit in light of the fact that Plaintiff was able to prepare a 72-page, single-spaced handwritten Opposition that contained numerous case citations and a 50-page handwritten Declaration (a substantial portion of which concerned factual allegations irrelevant to this case). See Dkt. 63, 66.

Plaintiff requested protective custody upon his arrival at USP-Atwater because he believed that inmates in his designated housing unit were aware of the issues that led to his transfer. Pl.'s Decl. in Opp'n to Defs.' Mot. for S.J. or Dispositive Mot. (Dkt. 48) ¶ 23 ("Requested to be place in segregation until they classify me properly into another housing unit."); SAC ¶¶ 31-34. He was then placed into a secondary SHU. Devere Decl. Ex. 3-4 to Def.'s Mot. for S.J. (Dkt. 59). He remained in protective custody during his 5-month stay at USP-Atwater. Id. He received a psychological screening interview upon his arrival at USP-Atwater and at least one other visit from a psychologist during his 5-month stay. Pettus Decl. ¶ 37-41; Pl.'s Opp'n to Mot. for S.J. (Dkt. 63) at 53 (citing, on the second page "53" of his Opposition, Defendant's evidence reflecting a 15-minute meeting with a staff psychologist).[2]

## II. STANDARD OF REVIEW

Summary judgment is properly entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The movant bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." Adickes v. S.H. Kress & Co., 398 U.S. 144,

---

[2] Defendant sets forth compelling evidence that Plaintiff was actually visited by psychological staff five times during his five months at USP-Atwater. See Ellis Decl. Ex. 5 to Def.'s Mot. for S.J. (Dkt. 59). Notwithstanding that evidence, Plaintiff maintains in his Declaration that he "did not receive any psychological evaluation at Atwater U.S.P. during his stay." Pettus Decl. (Dkt. 66) at ¶ 66. The Court cannot resolve a factual dispute on a Motion for Summary Judgment. However, notwithstanding paragraph 66 of his Declaration, Plaintiff admits elsewhere in his Declaration and in his Opposition to Defendant's Motion for Summary Judgment that he met with a mental health professional when he arrived at USP-Atwater and at least one additional time. Pettus Decl. ¶ 37-41; Pl.'s Opp'n to Mot. for S.J. (Dkt. 63) at 53 (citing, on the second page "53" of his Opposition, Defendant's evidence reflecting a 15-minute meeting with a staff psychologist). Because a party cannot create an issue of fact by contradicting his own admissions, the Court accepts as undisputed the facts that (1) Plaintiff met with a mental health professional when he arrived at USP-Atwater and (2) he met with a mental health professional at least one other time during his 5-month stay. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999).

157 (1970). The movant is not required to produce evidence negating the non-movant's claims. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990) ("[T]he purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues"). If the movant carries its burden, the burden shifts to the nonmoving party to establish facts beyond the pleadings showing there remains a triable issue of disputed material fact so that summary judgment is not appropriate. Celotex, 477 U.S. at 324; Adickes, 398 U.S. at 157.

To successfully rebut a properly supported summary judgment motion, the non-moving party "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the [nonmoving party's] favor, could convince a reasonable jury to find for [that party]." Reese v. Jefferson School Dist. No. 14J, 208 F.3d 736, 738 (9th Cir. 2000). The non-moving party must "go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The opposing party may not rest on conclusory allegations or mere assertions. Rather, it must present significant probative evidence of specific facts raising a material issue that "can be resolved only by a finder of fact because [the issue] may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 249-50, 256.

### III. DISCUSSION

#### A. DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY

Government officials "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Court should conduct a two-part test when resolving a qualified immunity defense. First, decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, decide whether the right at issue was "clearly established" at

the time of the defendant's alleged misconduct. Saucier v. Katz, 533 U.S. 194 (2001). A right is clearly established if a reasonable officer would necessarily have known that his actions were unlawful. Dunn v. Castro, – F.3d —, 2010 WL 3547637, at *3 (9th Cir. Sept. 14, 2010) (quoting Saucier, 533 U.S. at 202). Whether an officer would necessarily have known that his actions were unlawful turns on "whether the preexisting law provided the defendant with 'fair warning' that [his] conduct was unlawful." Flores v. Morgan Hill Unified Sch. Dist., 324 F.3d 1130, 1137 (9th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 740 (2002). Courts are permitted to address either prong of the qualified immunity test in light of the circumstances of the case. Pearson v. Callahan, __ U.S. ___, 129 S. Ct. 808, 818 (2009).

### 1. Claim of Deliberate Indifference to Personal Safety

With respect to Plaintiff's claim that Defendant was deliberately indifferent to his personal safety, it is undisputed that Plaintiff *requested* to be placed in protective custody when he arrived at USP-Atwater from USP-Coleman. Indeed, Plaintiff admits that "the security threat to Plaintiff was initiated at U.S.P. Coleman and did not involve U.S.P. Atwater or Defendant Warden D. Smith." Pl.'s Opp'n to Def.'s Mot. for S.J. (Dkt. 63) at 32. Thus, by Plaintiff's own admission, there was no constitutional violation by Defendant in this case. To the extent Plaintiff is claiming that he should have been reclassified out of protective custody at USP-Atwater, Defendant is entitled to qualified immunity because (1) classification and housing decisions do not support a claim for violation of the Eighth Amendment; and (2) there is no evidence that Defendant was involved in or acquiesced in an *illegitimate* decision to keep Plaintiff in the SHU for reasons other than his own safety. See, e.g., Peyton v. Vasquez, 2007 WL 1456149, *5 (E.D. Cal. May 16, 2007) ("Classification and housing placement decisions . . . do not support a claim for violation of the Eighth Amendment."); Hewitt v. Helms, 459 U.S. 460, 468 (1983); See Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988); see also Ashcroft v. Iqbal, – U.S. —, 129 S. Ct. 1937, 1948 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinate under a theory of *respondeat superior*.").

Plaintiff also asserts that Defendant "is liable for depriving Plaintiff verification of his specific status while in special housing unit when requested for administrative detention documents."   Pl.'s Opp'n to Def.'s Mot. for S.J. (Dkt. 63) at 32.   Defendant is entitled to qualified immunity with respect to this specific assertion for two reasons.  First, the facts Plaintiff has set forth do not establish the violation of a constitutional right.  Plaintiff had no right to "a written decision describing the reasons for placing the prisoner in administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1000-1101 (9th Cir. 1986).[3]  Moreover, even if Plaintiff did have the right to a verification of status, there is no evidence that Defendant acquiesced in denying him one.  See Hutchinson, 838 F.2d at 390; Iqbal, 129 S. Ct. at 1948.  Second, even if the facts did set forth the violation of a constitutional right, the right to a "verification of status" was not clearly established at the time of the alleged constitutional violation.

### 2.   Claim of Deliberate Indifference to Mental Health

With respect to Plaintiff's claim that Defendant was deliberately indifferent to his mental health by failing to provide him with psychiatric care, the undisputed evidence again shows that Defendant is entitled to qualified immunity.  Plaintiff admits that he received a psychological evaluation when he arrived at USP-Atwater and that he was seen at least one additional time by a psychologist during his 5-month stay at the prison.  Pettus Decl. ¶ 37-41; Pl.'s Opp'n to Mot. for S.J. (Dkt. 63) at 53 (citing, on the second page "53" of his Opposition, Defendant's evidence reflecting a 15-minute meeting with a staff psychologist).  Thus, Defendant was not deliberately indifferent to Plaintiff's mental health needs.  In addition, Plaintiff has not set forth evidence from which a rational jury could conclude that he was in serious medical need of antidepressants[4] or that, even if he was in serious medical

---

[3] The only causes of action at issue in this case concern alleged violations of the Eighth Amendment. See June 9, 2009 Order (Dkt. 38).  To the extent Plaintiff is attempting to set out a claim that his due process rights were violated, that claim is not before the Court.

[4] Neither his disagreement with the psychologists he saw at USP-Atwater regarding his need for antidepressants or the fact that he was eventually prescribed antidepressants at another institution constitutes sufficient evidence to create a jury question as to whether, *while at USP-Atwater*, he was in a serious medical need of antidepressants.  See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

need of antidepressants, Defendant was aware of that need or acquiesced in depriving him of the antidepressants.  See Hutchinson, 838 F.2d at 390; Iqbal, 129 S. Ct. at 1948.[5]

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.[6]  The Clerk is directed to enter Judgment in favor of Defendant and against Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated:  September 23, 2010

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff also appears to take issue with the facts that (1) USP-Atwater did not have a staff *psychiatrist* but rather just staff *psychologists*; and (2) USP-Atwater, because of staffing needs, had to bring in psychologists from outside the institution.  Neither of these facts, if true, amount to an Eighth Amendment violation.

[6] Plaintiff filed a Motion for Summary Judgment on June 18, 2010.  Dkt. 67.  That Motion is denied because it (1) is untimely and (2) is baseless in light of this Court's conclusion that Defendant is entitled to summary judgment on the basis of qualified immunity.